# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 4 C 2984 | **DATE** | 6/25/2004 |
| **CASE TITLE** | S.W.L., Inc. vs. Environtech, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For all of the foregoing reasons, the motion to remand [5-1] is granted, and SWL's request for costs and expenses is denied.**

Remand 7-12-04

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 28 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| TSA | courtroom deputy's initials | 2004 JUN 25 PM 4:59 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| S.W.L., INC., an Illinois corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04 C 2984 |
| v. | ) |
| | ) Wayne R. Andersen |
| ENVIRONTECH, INC., a Delaware corporation, | ) District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on plaintiff SWL, Inc.'s motion to remand the action to the Circuit Court of Grundy County, Illinois pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 12(b)(1) for lack of federal diversity jurisdiction. For the reasons stated below, the motion to remand is granted.

## BACKGROUND

On November 20, 2003, SWL, Inc. filed a complaint against Environtech, Inc. in the Circuit Court of Grundy County seeking a declaratory judgment and an accounting of Environtech's royalty obligations to SWL. The underlying dispute concerns Environtech's alleged obligation to account for and pay certain royalties to SWL based on three contracts entered into between the parties. On April 27, 2004, Environtech filed its notice of removal to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

SWL does not challenge the timeliness of the removal or that the amount in controversy exceeds $75,000. Instead, SWL seeks remand solely on the basis that Environtech has its principal place of business in Illinois, thereby defeating any claim for complete diversity between the parties as SWL is an Illinois corporation. Environtech does not dispute that its operating headquarters are located in Illinois but argues that its principal place of business is located in Arizona and that jurisdiction is proper in this Court.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of any claim over which the federal court lacks subject matter jurisdiction. In reviewing a 12(b)(1) motion, a court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether federal jurisdiction exists. *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). Federal diversity jurisdiction requires complete diversity among the parties, and Environtech, as the party asserting federal jurisdiction in this case, bears the burden of establishing that the prerequisites of federal diversity jurisdiction have been satisfied. *Minatuaur Promotions Enters., Ltd. v. Drizin*, 1994 WL 110472, *2 (N.D. Ill. Mar. 30, 1994).

Under the general diversity statute, a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The Seventh Circuit has adopted the "nerve center" test for determining the location of a corporation's principal place of business. *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986). Generally, courts "look for the

2

corporations's brain." *Id.* Courts have relied upon a variety of operational and procedural factors to determine where a company's nerve center and principal place of business are located including, among others: (1) the location of business operations and where the day-to-day operational decisions are made; (2) the place where important corporate and management decisions are made; (2) the location of the corporation's officers, directors, shareholders and general counsel; (3) the location of the majority of its operating staff; and (4) the location of corporate records and bank accounts. *See generally Targetcom, Inc. v. Cirrus Systems, Inc.*, 1995 WL 1071103 (N.D. Ill. Mar. 6, 1995); *Chamberlain Manufacturing Corp. v. Maremont Corp.*, 828 F. Supp. 589 (N.D. Ill. 1993); *Parkside Medical Services Corp. v. Lincoln West Hospital, Inc.*, 1990 WL 71276 (N.D. Ill. Apr. 27, 1990).

In this case, Environtech admits that its sole business is the ownership and operation of a landfill located in Grundy County, Illinois. Environtech also admits that its operating headquarters are located in Morris, Illinois and that the daily operations of its business take place in Illinois. Environtech's daily operations are controlled by three officers, its President, Vice-President and assistant Secretary, and each of those officers resides in Illinois. Nevertheless, Environtech asserts that its nerve center, and hence its principal place of business, is located in Arizona, not Illinois. Environtech asserts that Arizona is its principal place of business because its parent company is headquartered in Arizona and three of its directors and seven of ten of the corporate officers are located in Arizona. Environtech also states that while the officers located in Illinois are chiefly tasked with the day-to-day operational responsibilities of Environtech's landfill, the major policy and management decisions of the company remain the responsibility of

the officers and directors who are located in Arizona. Environtech also explains that the corporate records and bank account are maintained in Arizona.

Based on the record before this Court, Environtech has failed to carry its burden of proving federal jurisdiction in this case. Although Environtech asserts that its principal place of business is located in Arizona, the fact that Environtech's operating headquarters, business operations and those executives responsible for the day-to-day operations are located in Illinois defeats Environtech's claim. Environtech claims that a variety of its corporate activities occur in Arizona, yet Environtech does not describe a single specific corporate action or decision that its purported "brain" or "nerve center" has taken outside of Illinois whereas SWL has pointed to a variety of corporate actions taken by Environtech in Illinois. SWL explains that all negotiations between Environtech and SWL have occurred in Illinois and that all correspondence from Environtech is on its letterhead, which lists an Illinois address. Furthermore, SWL represents that throughout the duration of the parties' relationship, SWL has not had any meetings with Environtech outside of Illinois and has never met with or had telephone conversations with any representatives in Arizona.

We note that this case presents a substantial jurisdictional question and that it is a close call. Indeed, some of the factors considered by courts point to Arizona as a principal place of business. However, the facts that Environtech's sole business is the ownership and operation of a landfill located in Grundy County, Illinois and that its sole base of operations is conducted in Illinois tip the scales. We believe that the nerve center for Environtech, and thus, its principal place of business is located in Illinois. Moreover, an error by this Court in assuming jurisdiction, if reversed on appeal, would result in a substantial waste of time and energy by both the litigants

and the Court without even resolving the dispute between the parties. There is no question that the state court has jurisdiction and that this dispute can be resolved with finality in that court.

Finally, SWL also requests that this Court award costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) for having to file its motion to remand. As the language of section 1447(c) indicates, an award of costs, expenses and attorneys' fees is not mandatory, and the decision whether to award any costs and expenses rests with the broad discretion of this Court. *Tenner v. Zurick*, 168 F.3d 328, 330 (7th Cir. 1999). Based on the record before us, Environtech's removal of this matter to this Court does not warrant the imposition of costs or expenses. The issues presented in Environtech's removal petition raised a substantial jurisdictional question for this Court's consideration, and as noted above, resolution of this issue was a close call. There is absolutely no indication that Environtech acted in bad faith or otherwise proceeded without a reasonable basis for claiming that federal jurisdiction exists in this Court. Therefore, an award of costs and expenses in this case is not warranted, and SWL's request is denied.

## CONCLUSION

For all of the foregoing reasons, the motion to remand is granted, and SWL's request for costs and expenses is denied.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: June 25, 2004

5